**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ERNEST KIZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-CV-831 PLC |
| ) | |
| PATRICK GILL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court upon the motion of self-represented Plaintiff Ernest Kizer for leave to commence this action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will direct Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is incarcerated at Pulaski County Detention Center in Ullin, Illinois. ECF No. 2 at 1. He submitted an application to proceed in the district court without prepaying fees or costs. *Id.* Although the form motion states that an inmate must submit a certified prison account statement, Plaintiff has not done so. He notes on his motion that the "Jail does not make accommodations for Records of inmates account certified." *Id.* at 1. In his affidavit, however, he states that he has no job, no income, no assets, and no money in his prison account. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### The Civil Complaint

The Court received Plaintiff's civil complaint for filing on August 9, 2022. ECF No. 1 at 1. Although Plaintiff is currently being held in an Illinois detention center, he states that he is a citizen of the state of Missouri and he lists his county of residence as St. Louis County. *Id.* at 2-3; ECF No. 1-2. Plaintiff names one defendant in this action, Patrick Gill, who he describes as "private counsel/attorney" and a Missouri citizen with his place of business in Missouri. ECF No. 1 at 2, 4.

Plaintiff alleges that in January 2022 he retained defendant Patrick Gill as counsel "to resolve a federal matter" involving pending charges filed by the government against Plaintiff. ECF No. 1-1 at 1. Plaintiff states that he paid Gill a retainer of $2,000. However, according to Plaintiff, Gill "did not work on the case he was hired for but instead interjected himself into traffic cases in the state of Missouri that he was not hired to resolve" and it was discovered later that Gill "committed fraud as he is not licensed to practice federal criminal law." *Id.* Plaintiff asserts that this constitutes "theft by fraud" in violation of "Model penal code § 223.2" and that he is "protected under the 'Consumer Protection Act.'" *Id.*; ECF No. 1 at 5.

For relief, Plaintiff seeks "recovery of funds and damages" including court costs; legal fees and research costs; interest on the $2,000 retainer; $2,000 "in real damages from fraud;" and $15,000 in punitive damages. *Id.* at 4, 6; ECF No. 1-1 at 1.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Based on the allegations of the complaint, Plaintiff seeks to bring a legal malpractice action against his former attorney, defendant Gill. As such, the instant action does not arise under the Constitution, laws,

or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.[1]  Therefore, the Court may only hear this case if diversity jurisdiction exists.

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000.  It does not appear that diversity jurisdiction exists here because the amount in controversy is insufficient[2] and the parties are both citizens of the state of Missouri.[3]  As a result, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

---

[1] The Court is unclear on Plaintiff's reference to violations of the "Consumer Protection Act."  *See* ECF Nos. 1 at 5 & 1-2 at 1.  Plaintiff provides no legal citation and the Court can discern no application of the Telephone Consumer Protection Act, the Dodd-Frank Wall Street Reform and Consumer Protection Act, or the Consumer Credit Protection Act.  Despite not specifying as such on his complaint or on his civil cover sheet, if Plaintiff is asserting that this case is being brought under federal question jurisdiction, he needs to clearly state the federal law at issue in his response to the Court.  *See* ECF Nos. 1 at 3 & 1-2 at 1.

[2] Based on the damage numbers provided by Plaintiff, he seeks $17,000, plus seven months of interest on $2,000, and legal costs and fees.  ECF No. 1 at 4, 6.  Even at a generous interest rate, this total amount does not exceed $75,000.

[3] For purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual.  *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977).  The traditional rule with respect to the domicile of prisoners is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration.  *Id.*  In this case, although Plaintiff is currently being held in Illinois, his domicile is Missouri.

- 5 -

**IT IS FURTHER ORDERED** that Plaintiff must show cause no later than **thirty (30) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of August, 2022