UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNEST KIZER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22-CV-831 PLC |
| | ) |
| PATRICK GILL, | ) |
| | ) |
| Defendant, | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On August 11, 2022, the Court issued an Order directing self-represented Plaintiff Ernest Kizer to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. ECF No. 4. Plaintiff's response was due by September 12, 2022. To date, Plaintiff has neither responded to the Court's Order, nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. For the reasons discussed below, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**Background**

Plaintiff filed the instant civil action against defendant-attorney Patrick Gill in August 2022. ECF No. 1 at 1. Plaintiff alleges that he retained Gill, in January 2022, as counsel "to resolve a federal matter" involving pending charges filed by the government against Plaintiff. ECF No. 1-1 at 1. Plaintiff states that he paid Gill a retainer of $2,000. However, according to Plaintiff, Gill "did not work on the case he was hired for but instead interjected himself into traffic cases in the state of Missouri that he was not hired to resolve" and it was discovered later that Gill

"committed fraud as he is not licensed to practice federal criminal law." *Id.* Plaintiff asserts that this constitutes "theft by fraud" in violation of "Model penal code § 223.2" and that he is "protected under the 'Consumer Protection Act.'" *Id.*; ECF No. 1 at 5.

According to the Complaint and Civil Cover Sheet, the Court has jurisdiction over this action based on diversity of citizenship. ECF Nos. 1 at 3-4; 1-2 at 1. Although Plaintiff is currently being held in an Illinois detention center, he states that he is a citizen of the state of Missouri and he lists his county of residence as St. Louis County. *Id.* Defendant Gill is also listed as a Missouri citizen, with his place of business in Missouri. ECF No. 1 at 2, 4. As to the 'Amount in Controversy,' Plaintiff seeks the return of his $2,000 retainer plus interest, court costs, legal fees, and $15,000 in punitive damages. *Id.* at 4.

On August 9, 2022, the Court granted Plaintiff's motion for leave to commence this action without prepayment and accessed an initial partial filing fee. *See* ECF No. 4. In the same Order, the Court directed Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). As of the date of this Order, Plaintiff has not filed a response to the Court's Order.

**Discussion**

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Based on the allegations of the Complaint, Plaintiff seeks to bring a legal malpractice action against his former attorney, defendant Gill. As such, the instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

Based on Plaintiff's filings in this matter, diversity jurisdiction does not exist here. Both Plaintiff[1] and Defendant are citizens of the state of Missouri. Furthermore, the amount in controversy does not exceed $75,000.[2] Therefore, the Court does not have jurisdiction to hear this case on the basis of diversity under 28 U.S.C. § 1332. As a result, this case will be dismissed without prejudice for lack of jurisdiction.

Accordingly,

---

[1] For purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual. *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977). The traditional rule with respect to the domicile of prisoners is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration. *Id.* In this case, although Plaintiff is currently being held in Illinois, his domicile is Missouri.

[2] Based on the damage numbers provided by Plaintiff, he seeks $17,000, seven months of interest on $2,000, legal costs, and court fees. ECF No. 1 at 4, 6. Even at a generous interest rate, this total amount would not exceed $75,000.

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of September, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE